## GRAY v. GUDGER et al.

### .In re GRAY.

(Circuit Court of Appeals, Fifth Circuit. November 10, 1919.)

### No. 3369.

1. BANKRUPTCY ⬅446—PRESUMPTION ON PETITION TO SUPERINTEND AND RE-VISE.

On petition to superintend and revise an order of the bankruptcy court, where the record did not contain a summary of the evidence or statement of the facts, it must be assumed that the evidence tended to support the allegations of the petition.

2. BANKRUPTCY ⬅146—AUTHORITY TO SELL UNSCHEDULED LIFE ESTATE OF BANKRUPT.

The bankruptcy court has authority to sell an unscheduled life estate belonging to the bankrupt.

3. BANKRUPTCY ⬅288(1)—JURISDICTION ON SUMMARY PROCEEDINGS.

Where the bankruptcy court ordered sold an unscheduled life estate, title which stood in the name of the bankrupt, and it was claimed by a son of the bankrupt, who asserted that the bankrupt had sold it to him, *held*, that the bankruptcy court has jurisdiction to summarily determine the controversy between the purchasers and the son.

Petition to Superintend and Revise Proceedings of the District Court of the United States for the Northern District of Georgia; William T. Newman, Judge.

In the matter of the bankruptcy of R. T. Gray. Petition by R. M. Gudger and another against W. G. Gray, wherein petitioners prayed to be placed in possession of a life estate, which the bankrupt claimed to have conveyed to defendant, his son W. G. Gray. There was an order in favor of petitioners, and defendant petitions to superintend and revise. Petition to superintend and revise denied.

R. B. Blackburn, of Atlanta, Ga., for petitioner.

Sam P. Maddox, of Dalton, Ga., for respondents.

Before WALKER, Circuit Judge, and FOSTER and GRUBB, District Judges.

FOSTER, District Judge. In this case it appears from the allegations of a petition of respondents to the District Court that R. T. Gray, bankrupt, failed to schedule a life estate in a certain lot of land in Murray county, Ga., but it was nevertheless advertised and sold by the trustee at public auction to respondents. Not obtaining possession, in due course respondents filed a petition in the District Court alleging the purchase by them of the said life estate; that they found the bankrupt, R. T. Gray in possession; that he refused to surrender it; that in proceedings instituted to force him to do so he set up in his answer that some years prior to his adjudication as a bankrupt he had sold his life estate to his son, W. G. Gray; that he had made no deed to him, but that another son was in possession of the said life estate as a tenant of W. G. Gray; that said W. G. Gray was a party to the bank-

ruptcy proceedings as attorney for his father, the bankrupt; that he was present at the sale of the life estate, and bid on it, and several times raised the bid made by respondents; that there was collusion between W. G. Gray and R. T. Gray.

Respondents prayed that W. G. Gray be made a party to the suit, which was granted. Issue was joined on the petition, and after due proceedings an order was finally entered by Judge Newman placing the respondents, R. M. Gudger and J. L. Robinson, in possession of the life estate of the bankrupt. It is those orders which are sought to be reviewed in this proceeding.

The record does not contain a summary of the evidence or a statement of facts. Respondents have filed a motion to dismiss the petition on the ground of diminution of the record. The motion is not entirely without merit, but in the view we take of the case it is unnecessary to pass on it.

[1] In the absence of the evidence we must assume that it tended to support the allegations of the petition of respondents. The only questions, therefore, presented by the petition to review, are those relating to the jurisdiction and authority of the District Court to make the orders complained of.

[2, 3] Undoubtedly the District Court had jurisdiction to sell the life estate of the bankrupt, whether it was surrendered on the schedule or not. The court also had jurisdiction to determine in a summary manner whether or not the alleged sale of the bankrupt to his son was a real sale, made in good faith, or was merely a colorable claim. Mueller v. Nugent, 184 U.S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405. On the facts alleged by respondents, the order of the District Court was correct.

The petition to superintend and revise is denied.